IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02315-GPG

JA'QUON HENRY MUCSARNEY,

    Plaintiff,

v.

SHELLY MCGAUGHEY,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Ja'Quon Henry MucSarney, is a prisoner in the custody of the Colorado Department of Corrections ("DOC") at the Sterling Correctional Facility in Sterling, Colorado. Mr. MucSarney has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming Defendant has violated his rights under the United States Constitution. As relief he requests damages and to have Defendant's employment with the DOC terminated. The request to have Defendant's employment terminated is not an appropriate request for relief in this § 1983 action.

    The court must construe the Prisoner Complaint liberally because Mr. MucSarney is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

    Mr. MucSarney claims Defendant discriminated against him because of his race and national origin and retaliated against him because members of his family made

telephone inquiries to Defendant's superiors. Construing the Prisoner Complaint liberally, Mr. MucSarney apparently contends that Defendant refused to refer him to a reentry program for which he is eligible and, instead, placed him in a vocational program in which his chances for success are limited because of his learning and mental disabilities.

As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined the Prisoner Complaint is deficient because Mr. MucSarney fails to allege specific facts in support of his claims that demonstrate he is entitled to relief. Vague and conclusory allegations that his federal constitutional rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

With respect to the retaliation claim, prison officials may not retaliate against an inmate for exercising his constitutional rights. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). To state a retaliation claim Mr. MucSarney must demonstrate: (1) he was engaged in constitutionally protected activity, (2) Defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to

engage in that activity, and (3) Defendant's adverse action was substantially motivated as a response to Plaintiff's constitutionally protected activity. *See Allen v. Avance*, 491 F. App'x 1, 6 (10th Cir. 2012). Mr. MucSarney fails to allege facts that demonstrate he was engaged in constitutionally protected activity or that any adverse action was substantially motivated as a response to his constitutionally protected activity.

The court construes the discrimination claims as equal protection claims. In order to state an arguable equal protection claim Mr. MucSarney must demonstrate he was treated differently than similarly situated inmates. *See Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). Mr. MucSarney fails to allege specific facts that demonstrate he was treated differently than any similarly situated inmate because of his race or national origin.

For these reasons, Mr. MucSarney will be ordered to file an amended complaint. Mr. MucSarney "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. MucSarney file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. MucSarney shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. MucSarney fails to file an amended complaint

that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED October 21, 2015, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge