IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02315-GPG

JA'QUON HENRY MUCSARNEY,

    Plaintiff,

v.

SHELLY MCGAUGHEY,

    Defendant.

## ORDER DENYING MOTION

    This matter is before the Court on the Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 4) filed *pro se* by Plaintiff, Ja'Quon Henry MucSarney. The Court must construe the motion liberally because Mr. MucSarney is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

    Mr. MucSarney is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility. He has filed a Prisoner Complaint (ECF No. 1) claiming his constitutional rights were violated when Defendant, his case manager, refused to refer him to a reentry program for which he is eligible and, instead, placed him in a vocational program in which his chances for success are limited because of his learning and mental disabilities. Mr. MucSarney claims Defendant discriminated against him because of his race and national origin and retaliated against him because members

of his family made telephone inquiries to Defendant's superiors. Mr. MucSarney seeks preliminary injunctive relief "[t]o prevent interfering, delay, or retaliation in claimant[']s continued case management." (ECF No. 4 at 2.) He "insists that it is a clear conflict of interest to allow the defendant, Case Manager Shelly McGaughey[,] to remain the assigned liaison for case management of claimant due to the alleged claims for racial discrimination, national origin discrimination, and retaliation." (*Id.*)

A party seeking a preliminary injunction must show: (1) a substantial likelihood of prevailing on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003). Similarly, a temporary restraining order is appropriate only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

"[T]he primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* If the movant is seeking a mandatory preliminary

injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. See id. at 1209.

"[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." Dominion Video Satellite, Inc. v. Echostar Satellite Corp., 356 F.3d 1256, 1260 (10th Cir. 2004). Thus, Mr. MucSarney "must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." Id.

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." Heideman v. S. Salt Lake City, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). Therefore, Mr. MucSarney "must establish both that harm will occur, and that, when it does, such harm will be irreparable." Vega v. Wiley, 259 F. App'x 104, 106 (10th Cir. 2007). Furthermore, a party seeking preliminary injunctive relief "must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." Heideman, 348 F.3d at 1189. A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." Connecticut v. Massachusetts, 282 U.S. 660, 674 (1931).

Mr. MucSarney fails to demonstrate, clearly and unequivocally, that he is entitled to a preliminary injunction or temporary restraining order. Most importantly, Mr. MucSarney fails to allege specific facts that demonstrate he will suffer irreparable injury if no preliminary injunction or temporary restraining order is issued. Mr. MucSarney also

fails to allege specific facts in support of his claims that demonstrate a substantial likelihood of prevailing on the merits in this action. Accordingly, it is

ORDERED that the Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 4) is denied.

DATED at Denver, Colorado, this  23rd  day of    October    , 2015.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court